137 So.2d 47

**V. R. JANSEN, Judge of the Probate Court of Mobile County,**

v.

**STATE of Alabama ex rel. Maurice A. DOWNING.**

I Div. 32.

Supreme Court of Alabama.

Jan. 18, 1962.

V. R. Jansen and Pillans, Reams, Tappan, Wood & Roberts and A. L. Phillips, Jr., Mobile, for appellant.

Maurice A. Downing, appellee, pro se.

W. Dewitt Reams, Mobile, for Frank W. Boykin, amicus curiae.

Jas. E. Moore, Mobile, Hobdy G. Rains, Gadsden, Ralph Y. Smith and Frank J. Mizell, Montgomery, for State Democratic Executive Committee, amici curiae.

GOODWYN, Justice.

This case involves the validity of Act No. 154, appvd. Sept. 15, 1961, which was passed at the 1961 Special Session of the Legislature. The Act provides for the manner of nominating candidates for Congress in primary elections and electing congressmen in statewide general elections, subject to certain contingencies set forth in the Act. It has been referred to as the "9–8 Plan" and is a legislative design, in lieu of redistricting, for meeting the reduction in the number of Alabama congressmen from nine to eight.

The trial court declared the Act to be invalid and enjoined the probate judge of Mobile County, the respondent and cross-complainant in the proceedings below, "from obligating Mobile County for the expense of preparation for an election pursuant to the provisions of said Senate Bill 224 [Act No. 154] and * * * from attempting to comply with the terms of Senate Bill 224 [Act No. 154] by the use of paper ballots at any primary or general elections hereafter conducted in Mobile County." The probate judge brings this appeal from that decree.

In view of the time elements involved, the importance of and wide public interest in the validity vel non of Act No. 154, and the reasonable probabilities that the contingencies therein stated will not prevent its application, if valid, to congressional elections to be held this year, we put to one side any procedural question which might be presented and proceed to a decision on the merits.

What we have to decide is whether the Act is either violative of one of the following provisions of the Alabama Constitution, viz.: § 104, subdiv. 29, § 190, or Amendment 41, or is so incomplete, vague, uncertain and indefinite as to make it inoperative and void. We approach these questions in the light of the following well-established principles:

In passing on the validity of a statute it must be remembered that the legislature, except insofar as specifically limited by the state and federal constitutions, is all-powerful in dealing with matters of legislation; that a legislative act is presumed to be constitutional and valid, and all doubts are to be resolved in favor of its validity; that a statute, if reasonably possible, must be so construed as to sustain its validity and will not be declared invalid unless the court is clearly convinced that it cannot stand; that all questions of propriety, wisdom, necessity, utility and expediency in the enactment of laws are exclusively for the legislature, and are matters with which the courts have no concern.

With these principles in mind, we have concluded that the trial court erred in declaring Act No. 154 to be invalid.

First, we will dispose of the constitutional questions.

Section 104, subdiv. 29, Constitution 1901, provides as follows:

"Sec. 104. The Legislature shall not pass a special, private, or local law in any of the following cases:

*   *   *   *   *   *

"(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of the organization of new counties, or the changing of the lines of old counties; * * *."

Section 110, Constitution 1901, contains these definitions:

" * * * [A] local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

■ Act No. 154 has statewide application, and is not restricted to a political subdivision or subdivisions of the state less than the whole; nor does it apply to an individual, association, or corporation. Accordingly, the Act is not violative of § 104, subdiv. 29, of the Constitution.

Section 190, Constitution 1901, provides, in pertinent part, as follows:

"The legislature shall pass laws not inconsistent with this constitution to regulate and govern elections (a) and all such laws shall be uniform throughout the state; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, * * *."

Amendment 41, proclaimed ratified on July 21, 1939, changed the foregoing portion of § 190 to read as follows:

"The legislature shall pass laws not inconsistent with this Constitution to regulate and govern elections and all such laws shall be uniform throughout the State except that the Legislature may, by general or local law, permit the use of voting machines or other mechanical devices, for registering, recording and computing the votes at all elections, including primary elections, in any county, municipality, or other political subdivision of the State, under such regulations provided by general law with reference thereto as the legislature may from time to time prescribe; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, * * *."

■ It is contended that this part of Amendment 41 makes it mandatory that voting machines, if authorized and used in a county, as is the case in Mobile County, must be used in *all* elections; that Act No. 154 provides for the use of paper ballots in voting for eight of the nine candidates for nomination as congressmen at the time of the regular run-off primary, thus contravening Amendment 41 and rendering the Act invalid. We cannot agree. It has been held that this Amendment "is not self-acting, but requires enabling legislation. It is not mandatory, but grants authority to the legislature so as to relieve the former requirement of uniformity throughout the state in this respect. The constitutional amendment was evidently the result of the decision of this court in McCall v. Automatic Voting Machine Corp., 236 Ala. 10, 180 So. 695." Kendrick v. State ex rel. Shoemaker, 256 Ala. 206, 212, 54 So.2d 442.

■ Of significance is the fact that the legislature, in adopting enabling legislation very shortly after ratification of Amendment 41, provided for the optional use of paper ballots in precincts having less than 100 registered voters. Code 1940, Tit. 17, § 94; Act No. 292, § 4(c), appvd. Aug. 25, 1939, Gen.Acts 1939, pp. 443, 447. This was a clear legislative interpretation of Amendment 41 that the use of voting machines in all elections is not mandatory. Although a legislative act cannot change the meaning of a constitutional provision, such act may throw light on its construction and, as a legislative interpretation of a particular provision, it is entitled to much weight. Farrior v. New England Mortgage Security Co., 88 Ala. 275, 279, 7 So. 200. It has also been held that the generally and long-accepted interpretation of the constitutional provi-

sion by the legislative bodies is available for correctly interpreting the organic law. Jones v. McDade, 200 Ala. 230, 235, 75 So. 988.

We come now to the question whether Act No. 154 is so incomplete, vague, uncertain or indefinite as to make it inoperative and void.

■ To be sure, courts may declare legislative enactments to be inoperative and void for indefiniteness or uncertainty in meaning. But such power should be exercised only when a statute is so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed, and the court is unable, by the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended. Opinion by the Justices, 249 Ala. 88, 91, 30 So.2d 14; 50 Am.Jur., Statutes, § 472. We do not consider Act No. 154 to be so uncertain in meaning, or so incomplete, or so conflicting, or so vague or indefinite, as to warrant its invalidation.

This Act does not purport to cover the entire subject of holding primary and general elections. It deals only with congressional elections; and, in applying it to such elections, it must be construed in connection with other applicable election laws. The manifest legislative purpose and intent was to continue the application to congressional elections of all laws already applicable thereto except insofar as they may be in conflict with the Act's provisions. When the Act is considered in connection with the nonconflicting provisions of other applicable election laws, we think there is provided a reasonably workable scheme for holding the congressional elections, although we realize there may be need of working out the practical details for conducting the elections. Too, many of the suggested problems said to result from Act No. 154 may never arise and are, therefore, purely speculative. This court should not, and will not, undertake to advise the county's officials with respect to election details with which they may never be confronted. In this connection, we do not think it inappropriate to call attention to the statute authorizing county officials to obtain opinions from the attorney-general "as to any question of law connected with" their duties. Code 1940, Tit. 55, §§ 240–242.

■■ The trial court apparently entertained the view that any applicable election law which, in some respect, conflicts with some provision of Act No. 154 has been permanently repealed in its entirety, by reason of the provision in said Act that "all laws or parts of laws which conflict with this act are repealed." The provision does not have that effect. The controlling principle is thus stated in 50 Am.Jur., Statutes, § 520, p. 529:

"* * * Where an act, which is not a complete law within itself covering the whole subject, contains a provision to the effect that all laws and parts of laws inconsistent or in conflict therewith are repealed, the repeal extends to conflicting statutes and provisions only; all laws and parts of laws not in conflict therewith are left in full force and effect. A statute which is not wholly inconsistent with the new act continues in force except in so far as it conflicts therewith. * * *"

See, also, 82 C.J.S. Statutes § 285, pp. 476–477.

From 82 C.J.S. Statutes § 291, p. 492, is the following:

"Where there is sufficient repugnancy or inconsistency between two statutes, or parts of two statutes, to effect a repeal by implication, the earlier statute is impliedly repealed to, and only to, the extent of the conflict, repugnancy, or inconsistency. A total repugnance between two statutes is sufficient, and, according to some authorities, is necessary, to cause a repeal in toto of the earlier statute by implication."

The injunction is due to be dissolved, the decree reversed, and the cause remanded to the trial court for entering a decree consistent with the views expressed in this opinion. It is so ordered.

Injunction dissolved.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.