**A. S. ROBERTS on behalf of himself and other electors of the State of Montana, similarly situated, Plaintiff,**

v.

**Tim BABCOCK, as Governor of the State of Montana, and Frank Murray, as Secretary of State of the State of Montana, Defendants.**

Civ. No. 539.

United States District Court
D. Montana,
Billings Division.
Aug. 6, 1965.

the State of Montana, with the requirements of Section 2 of Article I of the Constitution of the United States, the Fourteenth Amendment, and the provisions of Title 42 of the United States Code, Sections 1983 and 1988, in respect to apportionment of the congressional districts in the State of Montana, as outlined in the decision of the Supreme Court of the United States in Wesberry, et al. v. Sanders, et al., 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481.

It is alleged in the complaint that by provision of Section 1 of Article VI, of the Constitution of the State of Montana, the Montana Legislative Assembly is charged with the duty of dividing the State of Montana into congressional districts; that congressional districts in the State of Montana were last established by the Montana Legislative Assembly by Chapter 44 of the Laws of 1917 (now section 43–107 Revised Codes of Montana, 1947), which provides that all that portion of the State of Montana lying west of the east boundary of Flathead, Lewis and Clark, Broadwater, and Gallatin counties, shall constitute the First Congressional District, and the remainder of the state shall constitute the Second Congressional District; that no change has been made in said apportionment since 1917.

It is further alleged that under the enumeration of population made by the United States Bureau of the Census in 1960, the First Congressional District has a population of 274,194, and the Second Congressional District has a population of 400,573, or a disparity of 126,-379; that the Legislative Assembly of the State of Montana has met in regular session in the years 1961, 1963, and 1965; and despite the substantial disparity in the populations of the two districts no action has been taken by the Montana Legislative Assembly subsequent to the census of 1960.

The defendants appeared by an answer which in effect admitted all of the allegations of the complaint. A pretrial order was entered, with the approval of counsel for all parties, wherein it was

Hibbs, Sweeney & Colberg, Billings, Mont., for plaintiff.

Forrest H. Anderson, Atty. Gen. of Montana, Alfred B. Coate and Donald A. Garrity, Asst. Attys. Gen., for defendants.

Before POPE, Circuit Judge, and MURRAY and JAMESON, District Judges.

PER CURIAM.

This is an action brought by A. S. Roberts as plaintiff on behalf of himself and all citizens and electors of the State of Montana against the defendants above named. The purpose of the action was to compel compliance, by the officials of

stipulated that all essential facts have been disposed of by admission in the defendants' answer, and that the only issue of law remaining to be litigated is the remedy to be ordered by the court.

An order entered May 28, 1965, provided that motions for leave to appear as amicus curiae might be filed on or before June 15, 1965, but no motions were filed.

The case came on for hearing upon the issues specified in the pretrial order on the 7th day of July, 1965, at which time the court heard from counsel for the respective parties, and the cause was submitted to the court for findings and determination. The court finds as follows:

### I

Under Article VI, Section 1 of the Constitution of the State of Montana, the Legislative Assembly is required to divide the state into congressional districts. Section 2 of Article VI provides that the Legislative Assembly shall provide by law for an enumeration of the inhabitants of the state in the year 1895, and every tenth year thereafter; and at the session next following such enumeration, and also at the session next following an enumeration made by the authority of the United States, shall revise and adjust the apportionment for representatives on the basis of such enumeration according to ratios to be fixed by law.

### II

Chapter 44 of the Laws of 1917 (Section 43–107 of the Revised Codes of Montana, 1947), provides that all that portion of the State of Montana lying west of the east boundary of Flathead, Lewis and Clark, Broadwater, and Gallatin counties shall constitute the First Congressional District of the State of Montana, and all that portion of the State of Montana lying east of the east boundaries of said counties shall constitute the Second Congressional District. No change has been made in said apportionment since 1917.

### III

Under the enumeration of population made by the United States Bureau of the Census in 1960, the First Congressional District of the State of Montana has a population of 274,194, and the Second Congressional District has a population of 400,526, or a disparity of 126,332.

### IV

The Legislative Assembly of the State of Montana has met in regular sessions in the years 1961, 1963, and 1965, and no action has been taken on congressional apportionment by any of said legislative sessions. In particular, the 39th Legislative Assembly, which met in 1965, rejected all proposed legislation introduced therein for the purpose of reapportioning the Montana congressional districts.

### V

As the congressional districts are presently constituted, the population of the Second Congressional District is out of balance with the population of the First Congressional District, and the present apportionment discriminates unduly against the voters in the Second Congressional District.

### VI

An appropriate and valid apportionment of congressional districts in the State of Montana would result from the transfer of Glacier, Toole, Liberty, Pondera, Teton, Meagher, and Park counties from the Second Congressional District to the First Congressional District. The population of these counties totals 52,825. Upon the transfer of said counties to the First Congressional District, the population of the First Congressional District would be 327,019, and the population of the Second Congressional District would be 347,701. Under this apportionment, all of that portion of the State of Montana lying west of the east boundary of Liberty, Pondera, Teton, Lewis and Clark, Meagher and Park counties would be in the First Congressional District, and all that portion of the State of Montana lying east of the

east boundaries of said counties would be in the Second Congressional District.

The court concludes:

■ 1. That the present apportionment between the First Congressional District and the Second Congressional District of the State of Montana is in violation of Article I, § 2 of the Constitution of the United States, the Fourteenth Amendment to the Constitution, and the provisions of Title 42, United States Code, Sections 1983 and 1988.

■ 2. That this court is authorized and empowered to order into effect a reapportionment of the congressional districts of the State of Montana for the purposes of the 1966 primary and general elections by transferring from the First Congressional District to the Second Congressional District the counties set forth in Finding VI. While we find no decision of the Supreme Court of the United States expressly authorizing a three-judge court to enter an order directing congressional reapportionment, we conclude that the language of the Court in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, relating to legislative reapportionment, is sufficiently broad to justify the exercise of this power with respect to congressional reapportionment under the conditions here found and hereinabove stated.

3. That the said reapportionment shall continue to be in force thereafter for all elections of members from Montana to the House of Representatives of the United States Congress until such time as the Montana Legislative Assembly shall have provided a different valid reapportionment.

## DECREE

By reason of the foregoing findings and conclusions, it is ordered, adjudged and decreed as follows:

That the present apportionment between the First Congressional District and the Second Congressional District of the State of Montana, as set forth in Section 43–107 Revised Codes of Montana 1947, is in violation of Article I,

§ 2 of the Constitution of the United States, the Fourteenth Amendment to the Constitution, and the provisions of Title 42, United States Code, Sections 1983 and 1988; and the defendants are perpetually enjoined from in any manner enforcing or recognizing the same and from conforming thereto, and no members of the House of Representatives from the State of Montana shall hereafter be elected pursuant thereto.

That the defendants are enjoined from proclaiming, certifying or conducting any election of members of the House of Representatives from the State of Montana in any manner other than as set forth in the foregoing findings and conclusions, and this decree.

It is further ordered, adjudged and decreed that all members of the House of Representatives from the State of Montana to serve following the primary and general elections of the year 1966 shall be elected from congressional districts constituted as follows: All that portion of the State of Montana lying west of the east boundary of Liberty, Pondera, Teton, Lewis and Clark, Meagher and Park counties, to-wit: the counties of Beaverhead, Broadwater, Deer Lodge, Flathead, Gallatin, Granite, Jefferson, Lake, Lewis and Clark, Lincoln, Madison, Mineral, Missoula, Powell, Ravalli, Sanders, Silver Bow, Glacier, Liberty, Meagher, Park, Pondera, Teton and Toole shall constitute the First Congressional District; and that all that portion of the State of Montana lying east of the east boundary of Liberty, Pondera, Teton, Lewis and Clark, Meagher and Park counties, to-wit: the counties of Big Horn, Blaine, Carbon, Carter, Cascade, Choteau, Custer, Daniels, Dawson, Fallon, Fergus, Garfield, Golden Valley, Hill, Judith Basin, McCone, Musselshell, Petroleum, Phillips, Powder River, Prairie, Richland, Rosebud, Roosevelt, Sheridan, Stillwater, Sweet Grass, Treasure, Valley, Wheatland, Wibaux and Yellowstone shall constitute the Second Congressional District.

It is further ordered, adjudged and decreed that the foregoing reapportion-

ment is ordered into effect for the purposes hereinabove stated. The defendants, and all those acting by and under their authority and pursuant to the proclamations and directions by them made, are hereby ordered and directed to accept filings and conduct elections in accordance with the provisions of this decree, and they are hereby enjoined and restrained from accepting filings or conducting elections in any manner inconsistent with the provisions of this decree.