Charles W. BAKER et al.

v.

Buford ELLINGTON, Governor of the State of Tennessee et al.

Civ. A. No. 3945.

United States District Court
M. D. Tennessee,
Nashville Division.

July 13, 1967.

Walter Chandler, Chandler, Manire, Johnson & Chandler, John M. Heiskell, Montedonico, Boone, Gilliland, Heiskell, & Loch, Memphis, Tenn., for plaintiffs.

George F. McCanless, Atty. Gen., State of Tennessee, Milton P. Rice, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., Neill Brown, Director of Law, Nashville, Tenn., George O. Benton, Jackson, Tenn., for defendants.

Fred Elledge, Jr., Nashville, Tenn., for intervening petitioner Guy L. Smith.

Paul R. Leitner, Chattanooga, Tenn., for intervening petitioner Z. Cartter Patten.

Jack McNeil, Memphis, Tenn., for intervening petitioners Jack McNeil et al., residents Shelby County.

George E. Barrett, Nashville, Tenn., for intervening petitioner Matt Lynch, Davidson County, Tenn. and Lee Case, Hamilton County, Tenn.

Harlan Dodson, Nashville, Tenn., for intervening petitioner Robert A. Everett.

Hugh K. McLean, Paris, Tenn., for City of Paris, intervening petitioner.

William R. Willis, Jr., Hooker, Hooker & Willis, Nashville, Tenn., for intervening petitioner William R. Anderson.

J. Howard Collett, Maynardville, Tenn., for intervening petitioner Ernest Whitson, County Judge, Union County, Tenn.

Thomas Wardlaw Steele, Nashville, Tenn., for intervening petitioners William O. Beach and Charles Crow, Citizens—Montgomery County, Tenn.

Charles Montgomery, Paris, Tenn., for intervening petitioner Henry County, Tenn.

James L. Bomar, Jr., Bomar & Shofner, Shelbyville, Tenn., for intervening petitioners W. D. Copeland et al. (Bedford, Coffee, Franklin, Lincoln, Moore and Rutherford Counties).

Howard H. Baker, Jr., Washington, D. C., for Howard H. Baker, Jr., amicus curiae, intervenor.

John R. Rucker and Ewing Smith, Jr., Murfreesboro, Tenn., for intervening petitioner City Council of City of Murfreesboro, Tenn.

Lewis R. Donelson, III, Heiskell, Donelson, Adams, Williams & Wall, and James E. Harpster, Rickey, Shankman, Agee, Harpster & Smith, Memphis, Tenn., for intervening petitioner Dan H. Kuykendall.

James H. Henry, G. Nelson Forrester, and Joseph M. Carter, Tullahoma, Tenn., for intervening petitioner John W. Ray, Judge, County Court of Coffee County, Tenn.

## JUDGMENT

Before PHILLIPS, Circuit Judge, MILLER, Chief District Judge, and GRAY, District Judge.

## PER CURIAM.

In its opinion herein rendered November 19, 1965, reported at Baker v. Clement, D.C., 247 F.Supp. 886, this court held that the Tennessee Congressional Districting Act, Chapter 4, Public Acts of the Extraordinary Session of 1965, T.C.A. § 2–502, is unconstitutional for the reasons stated in said opinion.

An order was entered under date of December 3, 1965, reserving final judgment until after the 1966 elections and until the Eighty-fifth General Assembly of Tennessee, to be elected in November 1966, had an opportunity at its regular 1967 session to act upon the matter of congressional redistricting, but not later than June 1, 1967. This court further ordered that, after June 1, 1967, the action might be reopened upon application of either party or upon the court's own motion. Notwithstanding such time limitations, full jurisdiction was retained by this court.

The 1967 session of the General Assembly was adjourned on May 26, 1967 without enacting a statute providing for congressional redistricting.

■ The court thus has recognized that apportionment of congressional districts is primarily a matter for legislative consideration and determination, and that judicial relief becomes appropriate only when the General Assembly has failed to redistrict according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so. Reynolds v. Sims, 377 U.S. 533, 586, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

The present action was reopened by the court on its own motion by its order

of June 2, 1967 and is before the court for the entry of a final judgment.

■ Having previously held in its opinion reported at 247 F.Supp. 886 and in its order entered under date of December 3, 1965, that Chapter 4, Public Acts of the Extraordinary Session of the 1965 General Assembly, T.C.A. § 2–502, is unconstitutional in that it does not conform to the requirements of Article I, Section 2 of the Constitution of the United States, the court has two alternatives in fashioning a remedy:

(1) The court may order that members of the House of Representatives of the United States Congress from the State of Tennessee be elected from the State at large. Smiley v. Holm, 285 U.S. 355, 52 S.Ct. 397, 76 L.Ed. 795 (1932); Preisler v. Secretary of State of Missouri, 257 F.Supp. 953 (W.D.Mo.1966), affirmed Kirkpatrick v. Preisler, 385 U.S. 450, 87 S.Ct. 613, 17 L.Ed.2d 511 (1967); Kilgarlin v. Martin, 252 F.Supp. 404 (S.D.Tex.1966), reversed, in part, on other grounds Kilgarlin v. Hill, 386 U.S. 120, 87 S.Ct. 820, 17 L.Ed.2d 771 (1967); Park v. Faubus, 238 F.Supp. 62 (E.D.Ark.1965) [but see Yancey v. Faubus, 251 F.Supp. 998 (E.D.Ark.1965) affirmed sub nom. Crawford County Bar Ass'n v. Faubus, 383 U.S. 271, 86 S.Ct. 933, 15 L.Ed.2d 750 (1966)]; Calkins v. Hare, 228 F.Supp. 824 (E.D.Mich. 1964); or

(2) The court itself may adopt a plan for the redistricting of the congressional districts of Tennessee which will meet the requirements of the Constitution of the United States as construed by the Supreme Court in Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964). Maryland Citizens Committee for Fair Congressional Redistricting, Inc. v. Tawes, 253 F.Supp. 731 (D.Md.1966), affirmed sub nom. Alton v. Tawes, 384 U.S. 315, 86 S.Ct. 1590, 16 L.Ed.2d 586 (1966); Klahr v. Goddard, 250 F.Supp. 537 (D.Ariz.1966); Roberts v. Babcock, 246 F.Supp. 396 (D.Mont.1965); Moore v. Moore, 229 F.Supp. 435 (S.D.Ala. 1964).

■ It is concluded under the facts and circumstances of this case that it will be in the public interest to follow the second of these two alternatives in preference to ordering the election of said members of Congress from the state at large. It is further concluded that in formulating such a plan the court should rely upon and apply population figures reflected by the 1960 Federal Census.

In its said order of June 2, 1967, the court suggested a plan for congressional districting in Tennessee on a basis which, in its opinion, would have met constitutional requirements. The order provided, however, that a proposed final judgment to effectuate such suggested plan (copy of which was attached to said order) would not become final until after a hearing to be held on June 28, 1967, for the purpose of entertaining and considering any exceptions or objections to the court's proposed final judgment, and any proposed alternative plans, to be filed by any party to the proceeding not later than June 20, 1967.

After the entry of such order of June 2, 1967, a number of exceptions and objections to the said proposed final judgment were filed, in addition to proposed alternative plans for congressional districting, motions for interventions, and other related motions. By orders entered subsequent to the June 2, 1967 order, a number of additional interventions were allowed and a full hearing was held on June 28, 1967.

Upon consideration of the entire record in this action, it is ordered:

(1) That except as provided in numbered paragraph (2) below members of the House of Representatives of the United States Congress from Tennessee shall be elected from nine congressional districts constituted as follows:

The *First Congressional District* will be composed of the counties of Carter, Cocke, Greene, Hancock, Hawkins, Jefferson, Johnson, Sevier, Sullivan, Unicoi and Washington, with a total population of 395,918.

The *Second Congressional District* will be composed of the counties of Blount, Claiborne, Grainger, Hamblen, Knox, Loudon and Union, with a total population of 404,968.

The *Third Congressional District* will be composed of the counties of Bledsoe, Bradley, Hamilton, Marion, McMinn, Meigs, Monroe, Polk, Rhea and Sequatchie, with a total population of 401,152.

The *Fourth Congressional District* will be composed of the counties of Anderson, Campbell, Cannon, Clay, Coffee, Cumberland, DeKalb, Fentress, Grundy, Jackson, Morgan, Overton, Pickett, Putnam, Roane, Scott, Smith, Van Buren, Warren, White and Wilson, with a total population of 395,594.

The *Fifth Congressional District* will be composed of Davidson County with a population of 399,743.

The *Sixth Congressional District* will be composed of the counties of Bedford, Cheatham, Dickson, Franklin, Humphreys, Lincoln, Macon, Marshall, Maury, Montgomery, Moore, Robertson, Rutherford, Sumner, Trousdale and Williamson, with a total population of 388,240.

The *Seventh Congressional District* will be composed of the counties of Carroll, Chester, Decatur, Fayette, Giles, Hardeman, Hardin, Henderson, Hickman, Madison, McNairy, Lawrence, Lewis, Perry and Wayne, and the following voting wards, precincts and districts of the City of Memphis and Shelby County: 34–1, 34–2, 35–1, 35–2, 35–3, 48, 49–1, 49–2, 50–1, 50–2, 60–1, 60–2, 60–3, 60–4, 60–5, Capleville, Collierville, Forest Hill, Levi–1, Levi–2, Levi–3, Levi–4, Levi–5, Ross' Store, Whitehaven–1, Whitehaven–2, Whitehaven–3, Whitehaven–5, Whitehaven–6, Whitehaven–7, Whitehaven–8, Whitehaven–9, and Whitehaven–10, with a total population of 400,916.

The *Eighth Congressional District* will be composed of the counties of Benton, Crockett, Dyer, Gibson, Haywood, Henry, Houston, Lake, Lauderdale, Obion, Stewart, Tipton and Weakley, and the following voting wards, precincts and districts of the City of Memphis and Shelby County: 38–3, 39, 40–2, 41–1, 41–2, 41–3, 42–1, 42–2, 43–1, 43–2, 43–3, 43–4, 52–1, 69–1, 69–2, 70–1, 70–2, 71–1, 71–2, 72–1, 72–2, Arlington, Bartlett, Brunswick, Cordova, Eads, Ellendale, Kerrville, Locke, Lucy, McConnell's, Millington, Morning Sun, Mullins, Stewartville, and Woodstock, with a total population of 390,836.

The *Ninth Congressional District* will be composed of all the remaining voting wards, precincts and districts of the City of Memphis and Shelby County not established as a portion of the Seventh and Eighth Congressional Districts as set out above, with a total population of 389, 722.

■ The court finds that the foregoing plan will provide a difference in population of only 16,728 between the largest and smallest congressional districts in the state, the largest district being only 2.176% above the average of 396,343 based on the 1960 Federal Census, and the smallest being only 2.044% below the said average. It does not place more than one incumbent congressman in the same district, and it leaves each district reasonably compact. See Maryland Citizens Committee for Fair Congressional Redistricting, Inc. v. Tawes, supra. It divides no county into more than one congressional district except Shelby County, a division which is necessary because that county has a population of 627,019 according to the Federal Census of 1960. See discussion of this question in the opinion herein, 247 F.Supp. 886, 897; see also Kirby v. Illinois State Electoral Board, 251 F.Supp. 908 (N.D. Ill.1965).

(2) That in the event a vacancy should occur in the office of a member or members of the House of Representatives of the United States Congress from Tennessee prior to the holding of the next regular general election for said members of Congress in 1968, and .in the event a special election should be held to

178

fill such vacancy until the next general election to be held in November 1968, such special election shall be held in the congressional district or districts involved as provided by Chapter 4, Public Acts of the Extraordinary Session of 1965, T.C.A. § 2–502.

(3) That as previously held by this court, Chapter 4, Public Acts of the Extraordinary Session of 1965, T.C.A. § 2–502, is unconstitutional.

(4) That except as provided in numbered paragraph (2) above, the defendants to this suit, and all state and local election officials of the State of Tennessee, and their successors, subordinates, agents and employees, be, and hereby are, permanently enjoined from holding any future primary or general elections for members of the House of Representatives of the United States Congress from the State of Tennessee under the provisions of Chapter 4, Public Acts of the Extraordinary Session of 1965, T.C.A. § 2–502, or in any manner inconsistent with the plan of congressional districting set forth herein.

(5) That the costs of this proceeding are adjudged against defendants in their official capacities and shall be paid by the State of Tennessee in the manner provided by Tennessee law for the payment of court costs from the State Treasury.

(6) That jurisdiction is retained by the court to reopen this proceeding, either on its own motion or on the motion of any party, to enforce this judgment, to consider the constitutionality of any statutory changes in the plan of congressional districting herein set forth which may be made by the General Assembly of Tennessee, to terminate this action when deemed advisable, or for any other proper purpose.

(7) That except to the extent reflected in this judgment and orders heretofore entered, all pending motions, exceptions, objections and alternative plans are overruled.