LYONS, Justice
(dissenting).
M.A.R. was indicted for two counts of first-degree sexual abuse in violation of § 13A-6-66(a)(3), Ala.Code 1975,[1] and three counts of first-degree sodomy in violation of § 13A-6-63(a)(3), Ala.Code 1975.[2] At trial, R.M.K. and R.K., who are both stepdaughters of M.A.R., testified about several alleged incidents of sexual abuse by M.A.R. The only issue before this Court concerns M.A.R.’s conviction resulting from an incident involving R.K.
R.K., who was 19 years old at the time of the trial, testified that one night when she was 11 years old she woke up and found M.A.R. rubbing his penis against her cheek. R.K. testified that as M.A.R. was rubbing his penis on her cheek, M.A.R. said, “You like that, don’t you?” R.K. testified that she swung her arm at M.A.R., told him to stop, and moved to the far corner of the bed. R.K. further testified that after this incident occurred, M.A.R. came into her room on other nights and stood in her room naked, holding his penis in his hands and staring at her. R.K. did not report any of these incidents to anyone until April 2006. R.K. also testified that she disliked M.A.R., that she was suspicious of him, and that they frequently argued with one another. M.A.R. testified on his own behalf and denied committing the crimes for which he was charged.
M.A.R. was convicted of one count of first-degree sexual abuse and one count of first-degree sodomy for his actions toward R.K. The trial court sentenced M.A.R. to 10 years’ imprisonment on the first-degree-sexual-abuse conviction and to 15 years’ imprisonment on the first-degree-sodomy conviction, the sentences to be served concurrently. The trial court, however, split those sentences and ordered M.A.R. to serve 30 months in prison and to serve the remainder of the sentence on probation. The Court of Criminal Appeals affirmed M.A.R.’s convictions and sentences by unpublished memorandum. *114 M.A.R. v. State (No. CR-06-1823, March 21, 2008), 21 So.3d 801 (Ala.Crim.App.2008) (table). M.A.R. then petitioned this Court for certiorari review.
M.A.R. presented three issues on certio-rari review, but this Court granted the petition only as to M.A.R.’s contention that the question of the Court of Criminal Appeals’ interpretation of “sexual contact” as that term is defined by § 13A-6-60(3), Ala. Code 1975, which is a required element of the offense of first-degree sexual abuse, presents a material question of first impression requiring decision by this Court. M.A.R. argues that he was improperly convicted of first-degree sexual abuse as to. R.K. because, he says, the State was unable to prove the sexual-contact element of that offense. He contends that he did not have sexual contact with R.K. because he did not touch R.K.’s sexual or other intimate parts; rather, he says, R.K. came into contact with M.A.R.’s genitalia when he rubbed his penis against her cheek. M.A.R. argues that, under a literal reading of § 13A-6-60(3), this conduct is not the “sexual contact” required for the offense of first-degree sexual abuse.
M.A.R. raised this argument before the Court of Criminal Appeals, and the Court of Criminal Appeals rejected it. The Court of Criminal Appeals relied on Ray v. State, [Ms. CR-05-0912, April 27, 2007] — So.3d - (Ala.Crim.App.2007), rev’d on other grounds, Ex parte Ray, [Ms. 1061459, May 29, 2009] — So.3d - (Ala.2009), in which that court rejected the argument that M.A.R. now raises. Ray was charged with first-degree sexual abuse after the victim alleged that Ray made her rub lotion on his “private parts” on two occasions. Ray, — So.3d at -. The Court of Criminal Appeals acknowledged that penal statutes are to be “strictly construed,” but it rejected Ray’s argument that there was no sexual contact between him and the victim, noting that “‘courts are not required to abandon common sense.’ ” — So.3d at - (quoting Musgrove v. State, 519 So.2d 565, 582 (Ala.Crim.App.1986)). The Court of Criminal Appeals concluded that there was sufficient evidence of sexual contact between Ray and the victim because “Ray’s actions alone ... caused [the victim] to touch his ‘private parts.’ ” Ray, — So.3d at -.
M.A.R. argues that the Court of Criminal Appeals has adopted “a liberal construction” of § 13A-6-60(3), Ala.Code 1975, that is contrary to the fundamental rule that “criminal statutes are [to be] construed strictly against the State.” Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000). M.A.R. also argues that the Court of Criminal Appeals’ interpretation of § 13A-6-60(3) is contrary to the plain language of the statute.
The plain language of § 13A-6-60(3) provides that sexual contact occurs only when the accused touches the “sexual or other intimate parts of a person,” the victim, who is not married to the accused. This language does not appear to be broad enough to apply to the situation in this case, where it is the accused, M.A.R., who touched the cheek of one of the victims, R.K., with his genitalia.
The former version of § 13-6-66(a) criminalized the conduct of a person 16 years of age or older if the person “sub-jeet[ed] another person to sexual contact.” (Emphasis added.) The definition of sexual contact in § 13A-6-60(3), Ala.Code 1975, refers to “[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.” (Emphasis added.) The only reasonable construction of these statutes, consistent with this Court’s obligation to construe penal statutes strictly against the State, is that the person 16 years of age or older is the one “subjecting” the other *115 person to sexual contact and the reference to “the actor” must be read to refer to the person doing the criminal act of subjecting. Consequently, the actor who never touches the sexual or other intimate parts of “a person not married to the actor,” as is the case here, has not committed the crime described in these statutes.
I recognize that the Court of Criminal Appeals in Ray justified its construction of the statute by noting that “courts are not required to abandon common sense.” - So.3d at-. In my view, that conclusion is merely a gloss to cover judicial revision of a statute a court cannot believe got through the legislature in its current form. Whether my common sense would have been so offended as to compel me to vote against such legislation had I been a member of the legislature at the time of passage is not a consideration that can justify my disregarding the mandate to construe penal statutes strictly against the State. See Jansen v. State ex rel. Downing, 273 Ala. 166, 168, 137 So.2d 47, 48 (1962) (noting that “all questions of propriety, wisdom, necessity, utility and expediency in the enactment of laws are exclusively for the legislature, and are matters with which the courts have no concern”). See also DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998) (“[I]t is our job to say what the law is, not to say what it should be”).
I would reverse the judgment of the Court of Criminal Appeals with instructions to remand the case to the trial court for the entry of a judgment of acquittal as to the charge of first-degree sexual abuse of R.K. I therefore must respectfully dissent.
COBB, C.J., and WOODALL, J., concur.

. At the time of the offense, § 13A-6-66(a), Ala.Code 1975, provided:
“(a) A person commits the crime of sexual abuse in the first degree if:
[[Image here]]
“(3) He being 16 years of age or older, subjects another person to sexual contact who is less than 12 years old.”
Section 13A-6-66, Ala.Code 1975, was amended effective July 1, 2006, to delete subsection (a)(3). The provisions of that subsection were moved to § 13A-6-69.1 and the offense described in that subsection was designated a class B felony. Section 13A-6-60(3), Ala.Code 1975, defines ("sexual contact”) as:
"Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.”

. Section 13A-6-63(a), Ala.Code 1975, provides:
"(a) A person commits the crime of sodomy in the first degree if:
[[Image here]]
"(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.”
Section 13A-6-60(2), Ala.Code 1975, defines "deviate sexual intercourse” as:
"Any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.”