BURKE, Judge.
Phillip Joshua Baker was indicted for impersonating a peace officer, a violation of § 13A-10-11, Ala.Code 1975. Prior to trial, Baker filed a motion to dismiss the indictment, in which he alleged that the indictment fails to charge a crime and that § 13A-10-11 is unconstitutional. The trial court granted Baker’s motion. The State now appeals.
Baker made two claims in his motion to dismiss. First, he alleged that the indictment fails to charge a crime because, he said, the State has failed to allege conduct sufficient to meet both elements of the *388 offense described in § 13A-10-11. Second, Baker claimed that § 13A-10-11 is unconstitutional because, he said, the statute fails to .establish reasonably clear guidelines for law-enforcement officials and triers of fact so as to prevent arbitrary and discriminatory enforcement.
I.
In his motion to dismiss, Baker first challenged the sufficiency of the indictment. “Appellate courts review the legal sufficiency of indictments de novo.” Hunt v. State, 642 So.2d 999, 1022 (Ala.Crim.App.1993).
As noted, Baker was indicted for impersonating a peace officer, a violation of § 13A-10-11, which provides that “[a] person commits the crime of impersonating a peace officer if he [1] falsely pretends to be a peace officer and [2] does any act in that capacity.” The indictment charged that Baker
“did falsely pretend to be a peace officer, to-wit: a Deputy Sheriff, and did an act in that capacity, to-wit: told others that he was a Deputy Sheriff; and/or wore a shirt that said Sheriffs Office on it; and/or wore a duty belt with a gun, magazine, baton, pepper spray, handcuffs and other law enforcement equipment, in violation of section 13A-10-11 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 5.) Baker argued, and the trial court agreed, that the language in the indictment alleging that Baker “told others that he was a Deputy Sheriff; and/or wore a shirt that said Sheriffs Office on it; and/or wore a duty belt with a gun, magazine, baton, pepper spray, handcuffs and other law enforcement equipment” charges only the first element of the offense, i.e., that Baker falsely pretended to be a peace officer. Therefore, the trial court concluded, the indictment fails to charge each element of the offense.
At the hearing on Baker’s motion to dismiss, the State contended that the indictment does, in fact, charge the second element of the offense described in § 13A-10-11. According to the State, Baker did “an act in [the] capacity” of a peace officer by wearing clothing associated with law enforcement and by telling others that he was a deputy sheriff. Therefore, the State argued, the indictment is sufficient to charge Baker with impersonating a peace officer.
On appeal, Baker reiterates his argument that the indictment is defective because it fails to charge the second element of the offense, i.e., that Baker did an act in the capacity of a peace officer. Baker claims that merely telling others that he was a deputy sheriff and wearing clothing and equipment associated with law enforcement does not meet the second element of the offense described in § 13A-10-11. Rather, he argues, that conduct violates only the first prong of the statute, i.e., that Baker falsely pretended to be a peace officer.
The State contends that the indictment is sufficient to apprise Baker of the nature of the accusation against him. Additionally, the State argues that, because the indictment tracks the language of § 13A-10-11, it is sufficient and should not have been dismissed.
Section 15-8-25, Ala.Code 1975, provides:
“An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the *389 proper judgment. In no case are the words ‘force of arms’ or ‘contrary to the form of the statute’ necessary.”
Further, Rule 18.2(a), Ala. R.Crim. P., provides:
“The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.”
Additionally, this Court has held:
“The general rule in Alabama, even before the adoption of Temporary Rule 15[, Ala. R.Crim. P.] (now Rule 18), was that it was sufficient to charge the elements of the statutory offense in the words of the statute, provided the statute prescribed with definiteness the constituent elements of the offense. Ex parte Allred, 393 So.2d 1030 (Ala.1980); see also, cases collected at 12 Ala. Dig., Indictment and Information, Key No. 110(3). The crucial question, of course, is whether the indictment sufficiently apprises the accused with reasonable certainty of the nature of the accusation made against him so that he may prepare his defense, that he may be protected against a subsequent prosecution for the same offense.”
Ex parte Harper, 594 So.2d 1181, 1183 (Ala.1991).
As noted, the indictment alleged that Baker
“did falsely pretend to be a peace officer, to-wit: a Deputy Sheriff, and did an act in that capacity, to-wit: told others that he was a Deputy Sheriff; and/or wore a shirt that said Sheriffs Office on it; and/or wore a duty belt with a gun, magazine, baton, pepper spray, handcuffs and other law enforcement equipment, in violation of section 13A-10-11 of the Code of Alabama....”
(C. 5) (emphasis added). Thus, the indictment tracks the language of § 13A-10-11.
Furthermore, § 13A-2-l(l), Ala. Code 1975, defines an act as “[a] bodily movement [including] possession of property.” Thus, the indictment correctly charges that Baker performed acts by donning law-enforcement-related clothing and equipment and by telling others that he was a deputy sheriff. Whether those acts are acts undertaken in the capacity of a peace officer will depend on the evidence presented at trial. However, the indictment, as written, is sufficient to apprise Baker of the charged offense and to enable him to prepare a defense. Accordingly, the trial court erred by dismissing the indictment.
II.
In his motion to dismiss, Baker also alleged that § 13A-10-11 is unconstitutional because, he said, it criminalizes conduct that is otherwise legal. Specifically, Baker claimed that § 13A-10-11 “makes it criminal to purchase and wear a flashlight, pepper spray, baton, magazine, gun, handcuffs, apparel and/or any other equipment that happen to be used by law enforcement.” (C. 21.) The trial court granted Baker’s motion and stated: .
“I think that the indictment as written, seeks to criminalize noncriminal conduct and, therefore, is overbroad. I would add — and this is not my strongest reason for this — but I do think the language ‘does [any] act in that capacity’ is vague and it does not give the Court or the public notice of what conduct is being prescribed [(sic)] by the legislature.”
(R. 16-17.) Thus, it appears that the trial court declared § 13A-10-11 to be uneon- *390 stitutionally vague. We hold that doing so was error.
Section 13A-10-11 is not void for vagueness. In Vaughn v. State, 880 So.2d 1178, 1194-96 (Ala.Crim.App.2008) (quoted with approval in O’Callaghan v. State, 945 So.2d 467, 474-75 (Ala.Crim.App.2006)), this Court held:
“ ‘ “The doctrine of vagueness ... originates in the due process clause of the Fourteenth Amendment, see Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), and is the basis for striking down legislation which contains insufficient warning of what conduct is unlawful, see United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).
“ ‘ “Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989, 996 (1954). A vague statute does not give adequate ‘notice of the required conduct to one who would avoid its penalties,’ Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367, 371 (195[2]), is not ‘sufficiently focused to forewarn of both its reach and coverage,’ United States v. National Dairy Products Corporation, 372 U.S. at 33, 83 S.Ct. at 598, 9 L.Ed.2d at 566, and ‘may trap the innocent by not providing fair warning,’ Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227-28 (1972).
“ ‘ “As the United States Supreme Court observed in Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948):
“ ‘ “ ‘There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. The vagueness may be from uncertainty in regard to persons within the scope of the act, or in regard to the applicable tests to ascertain guilt.’
“ ‘ “333 U.S. at 515-16, 68 S.Ct. at 670, 92 [L.Ed. at] 849-50 [citations omitted].”
“‘McCrary v. State, 429 So.2d 1121, 1123-24 (Ala.Cr.App.1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983).’
“McCall v. State, 565 So.2d 1163, 1165 (Ala.Crim.App.1990).
“““As generally stated, the void-for-vagueness doctrine requires that, a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.’ Kolender v. Lawson, 461 U.S. 352 [357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).” ’
“Timmons v. City of Montgomery, 641 So.2d 1263, 1264 (Ala.Crim.App.1993), quoting McCorkle v. State, 446 So.2d 684, 685 (Ala.Crim.App.1983)....
[[Image here]]
*391 “_The judicial power to declare a statute void for vagueness ‘should be exercised only when a statute is so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed, and the court is unable, by the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended.’ Jansen v. State ex rel. Downing, 273 Ala. 166, 170, 137 So.2d 47, 50 (1962).”
Baker claims that § 13A-10-11 criminalizes the purchasing and wearing of clothing and equipment associated with law enforcement. However, that contention is incorrect. Section 13A-10-11 criminalizes that conduct only when it is accompanied by an act undertaken in the capacity of a peace officer. Thus, the mere purchasing and wearing of such clothing and equipment is not illegal.
The trial court held that § 13A-10-11 was vague because, it determined, the language “ ‘does [any] act in that capacity’ ... does not give the Court or the public notice of what conduct is being prescribed [ (sic) ] by the legislature.” (R. 16-17.) We disagree. As noted above, a statute need only “ ‘ “ ‘define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.’ ” ’ ” Vaughn, 880 So.2d at 1195.
We believe that a man of ordinary intelligence is able to understand the meaning of the phrase, “does any act in that capacity.” § 13A-10-11, Ala.Code 1975. The Commentary to § 13A-10-11 notes that the object of the statute “is to prevent imposition by the pretense of authority.” That objective is clear in the wording of the statute. Therefore, we do not find § 13A-10-11 to be “ ‘so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed,’ ” or that a court would be “ ‘unable, by the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended.’” Vaughn, 880 So.2d at 1196. Accordingly, the trial court erred by finding § 13A-10-11 to be unconstitutional.
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM and JOINER, JJ., concur. WELCH, J., ■ concurs in part II and concurs in the result in part I.