HARRIS, Presiding Judge.
Appellant was convicted of robbery and the court sentenced him to imprisonment in the penitentiary for a term of thirty-five years. Throughout the trial proceedings he was represented by court-appointed counsel and at arraignment pleaded not guilty. After sentence was imposed he gave notice of *1176 appeal and was furnished a free transcript. Trial counsel represents him on this appeal.
At approximately 9:00 p. m., on December 21, 1978, the Quick Service Beverage Store located at the intersection of Wall Triana Street and Highway 72 West in the City of Madison, Madison County, Alabama, was robbed by two masked and armed individuals. One of the bandits was black and the other was white. The white man was armed with a sawed-off shotgun and the black man was armed with a revolver. The robbery of the store netted the bandits about $500.00.
While the robbery was in progress a customer, Richard B. Watkins, Jr., entered the store to make a purchase. After walking about three feet toward the counter the white bandit placed the sawed-off shotgun to his head and he was ordered to “get on the floor.” After he was on the floor the white man ordered him to produce his wallet and Mr. Watkins gave him his wallet while the white man was still holding the shotgun on him. The wallet contained approximately $300.00.
Mr. Watkins testified that, at about the time he surrendered his wallet, a black individual whom he subsequently identified as appellant was coming out of the cooler with the night manager of the store, Mark Bailey. When Mr. Bailey denied having any more money appellant raised his voice, and when Mr. Watkins looked up he saw appellant shoot Mr. Bailey in the back of the leg. After the shooting Mr. Watkins was ordered to help Mr. Bailey into the cooler, whereupon the cooler door was closed.
After staying in the cooler for about ten minutes both robbery victims emerged from the cooler and Mr. Watkins called the store owner and told his wife about the robbery and to notify the police. Mr. Watkins further testified:
“Then I came back where Mark was and I was kneeling besides him behind the counter. Then we noticed that the money bag was still on the counter beside the cash register. We were kneeling behind there. At that time I heard somebody enter the store and I stood up. James Earl Shelton had come back with his ski mask fully up to retrieve the money bag. When I stood up he saw me and started to raise the gun again and at the same time he started bringing his ski mask down. I had a full view of his face. At that time I got back down on the floor. He grabbed the money bag and left. Then the police came.”
Mr. Watkins stated that from a distance of five to ten feet appellant’s face was in full view. Three days after the robbery Detective Marsh of the Madison Police Department called Mr. Watkins and requested that he come to the Department and view a photographic array to see if he recognized anyone. He was presented with nine photographs and, without hesitation, identified appellant as the black bandit who was involved in the robbery, saying, “Yes, that’s him.” Over appellant’s objection Mr. Watkins made a positive in-court identification of appellant as one of the participants in the robbery. He testified that his identification was based on seeing appellant’s face in plain view when he came back into the store to get the money bag. Stated another way, Mr. Watkins’ in-court identification was independent of the photographic display. The series of photographs was admitted into the evidence as State’s Exhibit 1 without objection.
Appellant did not testify but offered the testimony of three witnesses who testified that appellant was continuously in their presence at the American Legion Club, some distance from the place of the robbery, from about 9:00 p. m. on the date of the robbery until the Club closed the next morning at approximately 2:00.
At the conclusion of the State’s case in chief appellant moved to exclude the evidence and discharge him for failure of the State to make out a prima facie case. This motion was overruled and denied.
Appellant was tried and convicted for the robbery of Mark Bailey, of lawful money of the United States which was the personal property of Levon Parcus, doing business as the Quick Service Beverage Store and sen *1177 tenced to thirty-five years in the penitentiary. He appealed to this Court and his conviction was affirmed on February 26, 1980, in an opinion by Judge Bookout in which all the judges concurred.
On this appeal appellant asserts that the evidence was insufficient to convict him as it was based on the testimony of only one witness.
This Court has many times held that in our system of criminal justice we do not travel on the numerical number of witnesses. A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Godbee v. State, 56 Ala.App. 174, 320 So.2d 107; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690; Arnold v. State, Ala.Cr.App., 348 So.2d 1092, certiorari denied, Ala., 348 So.2d 1097.
Alibi testimony, like all other testimony in a criminal prosecution, raises issues for the jury’s determination. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Price v. State, 53 Ala.App. 465, 301 So.2d 230; Graves v. State, Ala.Cr.App., 364 So.2d 700.
Conflicting evidence in a robbery prosecution as to whether appellant committed the robbery presented an issue for the jury to resolve and a verdict rendered thereon will not be disturbed on appeal. Howell v. State, Ala.Cr.App., 369 So.2d 297, certiorari denied, Ala., 369 So.2d 303.
The refused charges stating correct principles of law were fairly and adequately covered in the court’s oral charge and those given at the request of appellant.
We have carefully examined the entire record for errors affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.