LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence after a jury had found defendant guilty of harassment as charged in a complaint and as defined in Alabama Criminal Code, § 13A-ll-8(a), as follows:
“A person commits a crime of harassment if, with intent to harass, annoy or alarm another person, he strikes, shoves, kicks or otherwise touches a person or subjects him to physical contact.”
The trial court fixed his punishment at three months’ hard labor for the county and a fine of five hundred dollars. The defendant had appealed to the Circuit Court from the District Court which, acting without a jury, had fixed defendant’s punishment in the county jail for thirty days.
With the exception of the name of the alleged victim, the first paragraph of appellant’s Statement of the Facts in his brief is as follows:
“This case involves the alleged harassment of a white female student at Lur-leen B. Wallace State Junior College. . . . The Appellant is a black male and is also a student at the same college. On October 12, 1981, the Complainant reported that the Appellant came up behind her while she was sitting at the College library studying and grabbed her rear some time during the morning hours.”
The only issue presented is thus stated in appellant’s brief: “Whether the evidence presented on trial is sufficient to sustain a conviction against the Defendant of the criminal offense for which he was charged.” In presenting such issue, appellant does not contend that the evidence was insufficient to show that the conduct complained of by the victim, and as to which she testified, constituted the crime of harassment as statutorily defined. His only contention is that the evidence is insufficient to show that defendant was the person who committed the crime. As to this the testimony of the victim and the testimony of defendant were in irreconcilable conflict, she testifying emphatically that he did and he testifying just as emphatically that he did not, that at the time of the alleged crime he was not in the library but was in the gymnasium playing basketball. He was supported in his defense of alibi by the testimony of two of his fellow-students who testified that he was with them playing basketball in the gymnasium from 10:00 to 10:45 A.M. on the morning of the incident. The victim testified that the incident occurred at approximately 11:30 A.M. but that she had mistakenly previously stated that it occurred at 10:30 A.M.
Nellie Cooper, an employee of the library of Lurleen B. Wallace Junior College, testified that on the morning of the alleged incident the following occurred:
“A. And then it was before lunch though, just before lunch that it happened. I can’t recall the exact time.
“Q. Do you recall whether it was closer to lunch or closer to the time that you came in?
“A. It was closer to lunch, because — I didn’t look at the clock, but it was closer to lunch, ’cause I had done been in there quite a while when this happened.
“Q. Okay. Tell these ladies and gentlemen, if you would, what you first remember about [the named victim] having any kind of difficulty that morning?
“A. I was sitting up at the circulation desk and she approached the desk. And she asked was Miss King [the librarian] there. And I said, yes, she in (sic) the work room. And she said, something has got to be done to this boy and she pointed over close to the loveseat, which goes around to the periodical-magazine room and the work room area, back that way. And Jesse McKinnon was standing over there. And she had come up to the desk and done that.
“Q. Did you recognize Jesse McKinnon?
*953 “A. Yes, sir, I did.
“Q. Had you seen him before?
“A. Yes, sir, that morning. He had worked, he was working later than usual in there and he was in there when I came in at nine-fifteen.
“Q. And he worked in the library too, is that what you are saying?
“A. He works on Work-Study Program from — usually from eight till nine, but he was late getting in that morning, so he was working late.
“Q. All right. So he had been in the library that morning?
“A. Yes, sir.
“Q. Had he been around you at the circulation desk?
“A. Yes, sir, he was behind the circulation desk when I went in at nine-fifteen. And he stayed back there for about thirty minutes after I got there.
“Q. Okay. Are you sure of your identification?
“A. Yes, sir.
“Q. All right. What did you do after she had pointed him out to you?
“A. I got up from my stool and I went back to the work room and as I walked back to the work room, he passed in front of me and stepped inside the door that goes into the periodical-magazine room and was standing there. And I went on past him into the work room and told Miss King, at that time. I said, we have a problem here. And she went to rise up from her seat, to come out, and I started back out of the doorway there into the work room and I saw Jesse at that time, run from the periodical-magazine door out around the circulation desk and out the front door.
“Q. You say that he ran?
“A. He ran.
“Q. Were you looking right at him when he... .
“A. I was looking right at him.”
We find no merit in appellant’s contention that the evidence was not sufficient to support the verdict of the jury. His argument is soundly and convincingly answered by what was stated by Presiding Judge Harris in Shelton v. State, Ala.Cr.App., 382 So.2d 1175, 1177:
“This Court has many times held that in our system of criminal justice we do not travel on the .... number of witnesses. A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Godbee v. State, 56 Ala.App. 174, 320 So.2d 107; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690; Arnold v. State, Ala.Cr. App., 348 So.2d 1092, certiorari denied, Ala., 348 So.2d 1097.
“Alibi testimony, like all other testimony in a criminal prosecution, raises issues for the jury’s determination. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Price v. State, 53 Ala.App. 465, 301 So.2d 230; Graves v. State, Ala.Cr.App., 364 So.2d 700.”
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.