Robert Mayo, the appellant, was convicted in the municipal court of the City of Rainbow City of two offenses: cruelty to animals, a violation of Ala. Code 1975, § 13A-11-14, and criminal possession of a noxious substance, a violation of Ala. Code 1975, § 13A-7-28. For each offense, he was ordered to pay a fine of $100 and court costs.
The appellant appealed his convictions to the Etowah Circuit Court, where he was acquitted of the cruelty to animals charge, convicted of the possession of noxious substances charge, and fined $100. He raises four issues on appeal to this Court.
Kenneth Swafford testified that he had four dogs, one of which suddenly became ill and died on January 23, 1992. A week later, Swafford was looking out the window of his home when he saw the appellant driving a truck slowly around the cul-de-sac on which Swafford lived. Swafford watched as the appellant stopped, opened the door of the truck, "bent over[,] . . . put something . . . out beside the street" in front of Swafford's house, and then drove away. R. 11.
Swafford went outside and found an aluminum pie plate containing what appeared to be "dog food and corn bread mixed together and . . . green liquid all the way around to the rim." R. 12. Swafford testified that the green liquid looked like antifreeze. *Page 526 
Swafford took the pie plate and its contents to the local animal control officer. That officer delivered the material to Dr. Philip Baxter, a Gadsden veterinarian. Dr. Baxter sent the substance to the Veterinary Diagnostic Laboratory in Auburn. He later received a report from the lab stating that the sample contained ethylene glycol, or antifreeze, a substance toxic to dogs.
Dr. Baxter testified that he was the veterinarian who had examined the Swafford dog that had died on January 23. Baxter stated that, following an autopsy on the dog, he had received a report from the Auburn lab indicating that the dog had died of renal oxalosis, most commonly caused by ingestion of ethylene glycol, or antifreeze.
 I
The appellant claims that the City's evidence did not establish a complete chain of custody for the material tested by the Veterinary Diagnostic Laboratory in Auburn. At trial, however, the appellant made no objection regarding the chain of custody. Therefore, he has not preserved this issue for review. See Jackson v. State, 579 So.2d 43, 44 (Ala.Cr.App. 1991).
 II
The appellant argues that § 13A-7-28, proscribing the criminal possession of noxious substances, is unconstitutionally vague. That issue was never presented to the circuit court and it, too, was not preserved for review. "Constitutional issues must be raised at trial before they can be considered by this court." Cagle v. State, 504 So.2d 1225,1226 (Ala.Cr.App. 1987) (quoted in Carroll v. State,599 So.2d 1243, 1244 (Ala.Cr.App. 1992)).
 III
The appellant contends that the trial court erred when it admitted into evidence a copy of a lab report, sent from the Veterinary Diagnostic Laboratory in Auburn to Gadsden veterinarian Dr. Philip Baxter, without requiring that a predicate be laid showing that the report fell within the business record exception to the hearsay rule. We agree.
On direct examination of Dr. Baxter, the following occurred:
 "Q. [BY CITY ATTORNEY]: Let me show you this document [the lab report] marked exhibit eight.
"[DEFENSE COUNSEL]: I'm going to object to it.
 "Q. Let me, first of all, ask you do you recognize that document?
"A. Yes, sir.
 "Q. Is that document kept in the regular course of your profession or your business?
"A. Yes, sir.
 "Q. Is that the report that you got back from the lab on the food sample?
"A. Yes, sir.
"Q. Would you tell us the results of that?
 "[DEFENSE COUNSEL]: Your Honor, we're going to object to that. He did not make the diagnosis himself. He did not do the test. He did not participate in doing the test. Someone else in what they call the Veterinary Diagnostic Laboratory in Auburn did the test and there's certainly higher and better evidence of those tests.
"THE COURT: Overruled. You can answer, sir."
R. 37-38.
Defense counsel's objection did not specifically mention either "hearsay" or the failure to establish a proper "predicate" for admission of the document as a business record exception to the hearsay rule, but we think that the trial judge was sufficiently apprised of the grounds for the objection and that he erred in overruling it. Although counsel could have stated his objection more precisely, he did direct the court's attention to the fact that Dr. Baxter was not the proper witness to authenticate a document that he had no part in creating or any familiarity with the method by which it was created.
Under the circumstances, we hold that defense counsel's objection adequately preserved for our review the issue of whether the lab report was hearsay and not within the business record exception to the hearsay *Page 527 
rule. Compare Ex parte McCall, 594 So.2d 628, 631 (Ala. 1991) (requiring literal compliance with procedural rule when court has been made aware of basis of defense request "would be to elevate form over substance"); Ex parte Webb, 586 So.2d 954,956-57 (Ala. 1991) (when trial court understands the basis for defense counsel's objection, a reviewing court should not be "too strict in its application of the waiver principle"); see also Pearson v. State, 601 So.2d 1119, 1125 (Ala.Cr.App. 1992) (applying Ex parte McCall and Ex parte Webb).
The admission of the report into evidence was error. Although it might have been authenticated as a business record admissible under Ala. Code 1975, § 12-21-43,[1] it could not have been authenticated by Dr. Baxter's testimony.
 "Testimony by any witness, frequently the custodian of the record, that the document now exhibited to him is a record of the business; that he knows the method (i.e., the standard operating procedure) used in the business of making records of the kind now exhibited to him; and that it was the regular practice of the business to make records of such kind and to make them at the time of the event recorded or within such specified period thereafter as could be found by the trier of fact to be reasonable, is a sufficient authentication of the record to require its admittance in evidence."
C. Gamble, McElroy's Alabama Evidence § 254.01(3) at 679 (4th ed. 1991) (emphasis added).
The lab report, authored by a third party and sent to Dr. Baxter, was obviously not made in the regular course of Dr. Baxter's business. The report may have been retained, and even relied on, by Dr. Baxter in the regular course of his business, but neither of those occurrences is sufficient to make the report Dr. Baxter's business record. See Ex parte Frith,526 So.2d 880, 88284 (Ala. 1987) (letter written by Bryce Hospital psychiatrist and sent to prison psychiatric social worker could not be authenticated by social worker as a business record of the social worker).
Dr. Baxter was simply not a "person in a position to attest to the authenticity" of the lab report. See Theriot v. BayDrilling Corp., 783 F.2d 527, 533 (5th Cir. 1986) (construing Fed.R.Evid. 803(6)). Because the admission of the lab report was error, the appellant is entitled to a new trial.
 IV
The appellant maintains that, "exclud[ing] the report of the Veterinary Diagnostic Lab of Auburn," the evidence was insufficient to support his conviction. Brief of the appellant at 15.
"[W]hen a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction," the defendant may be retried without running afoul of the double jeopardy clause. Lockhart v.Nelson, 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265
(1988). See also Zinn v. State, 527 So.2d 148, 150-51
(Ala. 1988); Fortier v. State, 564 So.2d 1041, 104243 (Ala.Cr.App.), cert. denied, 564 So.2d 1043 (Ala. 1990).
Lockhart mandates that "a reviewing court must consider all of the evidence admitted by the trial court in determining whether retrial is permissible under the Double Jeopardy Clause." Lockhart v. Nelson, 488 U.S. at 41, 109 S.Ct. at 291. If the sum *Page 528 
of all the evidence, including the erroneously admitted evidence, is sufficient to support the conviction, there is no jeopardy bar to retrial. Id. Here, the sum of all the evidence, including the erroneously admitted lab report, was sufficient to support the appellant's conviction and his retrial is permissible.
For the reasons stated in Part III of this opinion, the appellant's conviction is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.
[1] § 12-21-43. Writings or records made in regular course ofbusiness — Originals.
 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction or event if it was made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include a business, profession, occupation and calling of every kind."