WINDOM, Presiding Judge.
Santiago Alonso appeals his convictions for first-degree human trafficking, see § 13A-6-152(a)(2), Ala.Code 1975; for selling, furnishing, or giving a controlled substance to a minor, see § 13A-12-215, Ala. Code 1975; and for first-degree unlawful possession of marijuana, see § 13A-12-213(a)(1), Ala.Code 1975. On June 18, 2014, the circuit court sentenced Alonso to 40 years in prison for his conviction for human trafficking, 10 years in prison for his conviction for furnishing a controlled substance to a minor, and 12 months of hard labor in the Houston County jail for his conviction for possession of marijuana. Alonso’s sentences for the drug convictions were ordered to run concurrently with each other and consecutively with his sentence for the human-trafficking conviction. On July 16, 2014, Alonso filed a pleading styled as a motion to set aside the judgment, motion for a judgment notwithstanding the verdict, and motion for a new trial. On July 17, 2014, Alonso filed a motion to reconsider his sentence, as well as an amended motion for a new trial. Following a hearing, the circuit court denied Al-onso’s motions.
In June 2013, Alonso saw K.R., who was then 17 years old and a runaway, while she was walking down a road in Hattiesburg, Mississippi, and he stopped his vehicle to talk to her. Alonso asked K.R. if she liked to travel. K.R. responded that she did and got into the vehicle with Alonso. Al-onso then drove to a hotel where K.R. met Asia and Lady, who were also traveling with Alonso.[1] Alonso, K.R., Asia, and Lady traveled to Memphis, Tennessee, where they stayed for several weeks.
While in Memphis, Alonso forced K.R. to prostitute herself for money and threatened her with a hammer he kept under the seat of his vehicle. On one- occasion, Alon-so struck K.R.' in the stomach after she refused to call him “[Djaddy” and refused to have unprotected sex with him. (R. 252.) After several weeks, Alonso, K.R., and Lady left Memphis and traveled to the Quality Inn hotel in Dothan, Alabama, where they stayed for approximately nine days.[2]
Once they • arrived in Dothan, Alonso continued to threaten K.R. and to force her to have sexual intercourse with men for money, giving all the proceeds to Alon-so. Alonso solicited customers for K.R. and Lady by posting their photographs on Backpage.com, a Web site for advertising items and services for sale. When the women were not working, Alonso would watch them at all times and would not allow them to leave the hotel premises. Once, K.R. asked to leave the hotel to find more business. Alonso allowed KR. to leave but threatened to kill her if she did not return. Alonso provided K.R. with drugs, and they smoked marijuana together while they were in Dothan.
*1098 On the evening of August 7, 2013, K.R. left the Quality Inn because she feared for her life.. She did not have a cellular telephone or any money with her at the time. K.R. walked to the Guesthouse Inn on Ross Clark Circle, where she met Tabitha Williams and told Williams everything that had happened. The following morning, Williams contacted the police.
On August. 8, 2013, K,R. spoke with individuals at the Child Advocacy Center and the Dothan Police Department and told them that Alonso had forced her to have sex with men for money, had threatened her with a hammer he kept in his vehicle, and had forced her to use drugs. K.R. provided them with Alonso’s nickname, a detailed description of Alonso, and his vehicle, and his room numbers at the Quality Inn, Afterward, K,R. was taken to the hospital for an examination, where blood tests revealed the presence •• of cocaine and marijuana in her system. Based on the information obtained from K.R., law-enforcement officers conducted surveillance at the Quality Inn and applied, for search warrants for Alonso’s hotel rooms and his vehicle. After receiving confirmation that the search warrants had been obtained, Investigator Davis and Sgt, Martin observed Alonso walking down the stairs outside his hotel room. When the officers approached him, they saw Alonso drop something from his left hand. The item was later recovered and was determined to be marijuana. A search of Alon-so’s person led to the discovery and subsequent seizure .of . a cellular telephone and $2,000, which Alonso had concealed in his underwear.
During the execution of the search warrant, law-enforcement officers discovered additional marijuana and a second cellular telephone in the hotel room Alonso shared with Lady. Officers 'also found used condoms and lubricating gels in a second room that was used for “working.” Additionally, a hammer matching KR.’s description was found inside of Alonso’s vehicle. After the search concluded, Alonso was taken to the Dothan Police Department-, where he signed a waiver-of-rights form and gave a statement. ■
On appeal, Alonso argues: 1) that Alabama’s statute for first-degree human trafficking, § 13A-6-152, Ala.Code 1975, is unconstitutionally vague; 2) that the circuit court erred in admitting the electronic data seized from his cellular telephone; 3) that the evidence was insufficient to support his conviction for human trafficking; 4) that the'State’s evidence was insufficient to support his conviction for furnishing a controlled substance to a minor; and 5) that he was denied effective assistance of trial counsel.
I.
Alonso first argues that Alabama’s statute for first-degree human trafficking, § 13A-6-152, Ala.Code 1975, is-unconstitutionally vague as applied to him.[3] Specifically, he contends that Alabama’s human-trafficking statute is unconstitutionally yague as applied to him because it fails to provide any material guidance to law-enforcement officers or prosecutors regarding their charging decisions. He argues that, because § 13A-6-152, does not provide any guiding principles or factors to be considered when determining whether an individual should be charged with human trafficking in lieu of a lesser criminal offense, a defendant is vulnerable to the “personal predilections” of,the charging officers and that defendants are exposed to radically different punishment ranges. (Alonso’s brief, p. 42 (quoting Kolender v. Lawson, 461 U.S. 352, 357-58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).
*1099 Alonso’s argument, however, was not preserved for appellate review. It is well settled that:
“‘Review on appeal is restricted to questions and issues properly and timely raised at trial.’ Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). ‘An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.’ Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). ‘“[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.” ’ McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted). ‘The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.’ Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). ‘The purpose of requiring a specific objection to preserve an issue for appellate review is 'to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’ Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).”
Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003). See also Shouldis v. State, 953 So.2d 1275, 1284 (Ala.Crim.App.2006); Morgan v. State, 589 So.2d 1315, 1320 (Ala.Crim.App.1991) (“A timely objection is a condition precedent to assigning the admission of an answer as grounds for error on appeal.” (citing C. Gamble, McElroy’s Alabama Evidence § 426.01(3) (3d ed.1977))).
. Alonso first asserted this claim in his motion for a new trial; however, he did not raise the specific arguments he now raises on appeal. Rather, in his motion for a new trial, Alonso cited general law regarding constitutional challenges to statutes on grounds of vagueness and over-breadth. Alonso then asserted only the following argument regarding why he believed § 13A-6-152 is unconstitutional:
“Application of the Alabama human trafficking statute is so broad in scope that it has the potential to infringe upon the First Amendment rights of others. For instance, the statute could criminalize acts like dating, flirting, driving a minor .the prom, other similar conduct by legally married minors, or such parental acts as allowing a child to play football.”
(C. 169.) At the hearing on the motion for new trial, Alonso reasserted his argument that § 13A-6-152 was unconstitutionally vague and overbroad because it criminalized some constitutionally protected activities. He, however, never argued that § 13A-6-152 was unconstitutionally vague because it fails to pr'ovide any material guidance to law-enforcement officers or prosecutors regarding their charging decisions. Trawick v. State, 431 So.2d 574, 578-79 (Ala.Crim.App.1983) (“The grounds urged on a motion for a new trial must ordinarily be preserved at trial by timely and specific objections.” (citing Smith v. State, 393 So.2d 529 (Ala.Crim.App.1981))); see also Mayo v. City of Rainbow City, 642 So.2d 524, 526 (Ala.Crim.App.1994) (recognizing that even constitutional issues must be preserved for appellate review). Alonso’s arguments were not first raised in the circuit court; accordingly, they are not preserved for this Court’s review. Hansen v. State, 598 So.2d 1, 2 (Ala.Crim.App.1991) (“Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal.”). Therefore, this issue does hot entitle Alon-so to any relief.
Moreover, even if this issue were properly before this Court, it is without merit. This Court has explained:
“ ‘ “The doctrine of vagueness ,.. originates in the due process clause of *1100 the Fourteenth Amendment, see Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), and is the basis for striking down legislation which contains insufficient warning of what conduct is unlawful, see United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).
“ ‘ “Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989, 996 (1954). A vague statute does not give adequate ‘notice of the required conduct to one who would avoid its penalties,’ Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367, 371 (1952), is not ‘sufficiently focused to forewarn of both its reach and coverage,’ United States v. National Dairy Products Corporation, 372 U.S. at 33, 83 S.Ct. at 598, 9 L.Ed.2d at 566, and ‘may trap the innocent by not providing fair warning,’ Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227-28 (1972).
“‘“As the United States Supreme Court observed in Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948):
“““There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. The vagueness may be from uncertainty in regard to persons within the scope of the act, or in regard to the applicable tests to ascertain guilt.’
“‘“333 U.S. at 515-16, 68 S.Ct. at 670, 92 [L.Ed. at] 849-50 [citations omitted].”
“‘McCrary v. State, 429 So.2d 1121, 1123-24 (Ala.Cr.App.1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983).’
“McCall v. State, 565 So.2d 1163, 1165 (Ala.Crim.App.1990).
“““As generally stated, the void-for-vagueness doctrine requires that a penal statute defíne the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.’ Kolender v. Lawson, 461 U.S. 352 [357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).”’
“Timmons v. City of Montgomery, 641 So.2d 1263, 1264 (Ala.Crim.App.1993), quoting McCorkle v. State, 446 So.2d 684, 685 (Ala.Crim.App.1983).
[[Image here]]
“The judicial power to declare a statute void for vagueness ‘should be exercised only when a statute is so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed, and the court is unable, by. the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended.’ Jansen v. State ex rel. Downing, 273 Ala. 166, 170, 137 So.2d 47, 50 (1962).”
*1101 Vaughn v. State, 880 So.2d 1178, 1194-96 (Ala.Crim.App.2003). See also O’Callaghan v. State, 946 So.2d 467, 474-75 (Ala.Crim.App.2006) (same).
“‘[T]he essential purpose of the “void for vagueness” doctrine is to warn individuals of the criminal consequences of their conduct,’ Jordan v. De George, 341 U.S. 223, 230, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951), ‘[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness,’ Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974), ‘even though the statute may well be vague as applied to others,’ Aiello v. City of Wilmington, 623 F.2d 845, 850 (3d Cir. 1980).”
Senf v. State, 622 So.2d 435, 437 (Ala.Crim.App.1993).
The indictment charging Alonso with first-degree human trafficking reads:
“The Grand Jury of Said county Charge that, before the finding of this indictment, SANTIAGO ALONSO A.K.A. SANTIAGITO ALONSO, did knowingly obtain, recruit, entice, solicit, induce, threaten, isolate, harbor, hold, restrain, transport, provide, or maintain a minor, to wit: [K.R.], for the purpose of causing such minor to engage in sexual servitude, to wit: GIVING HER ORDERS OF A SEXUAL NATURE, THREATENING HER WITH BODILY HARM, STRIKING HER, FORCING HER TO PERFORM SEXUAL ACTS, AND WITHHOLDING MONEY, in violation of Section' 13A-6-152 of the Code of Alabama Against the peace and dignity of the State of Alabama.”
(C. 35.) Section 13A-6-152(a)(2), the subsection under which Alonso was changed and convicted, provides that “[a] person commits the crime of human trafficking in the first degree if ... [h]e or she knowingly obtains, recruits, entices, solicits, induces, threatens, isolates, harbors, holds, restrains, transports, 'provides, or maintains any minor for the purpose of causing a minor to engage in sexual servitude.” Section 13A-6-151(7)a., Ala.Oode 1975, provides the definition of sexual servitude that is relevant to Alonso’s charge as: “Any sexual conduct as defined in subdivision (3) of Section 14-11-30, for which anything of value is directly or indirectly given, promised to, or received by any person, which conduct is induced or obtained by coercion of deception from a person.” (Emphasis added.) Section 14-11-30(3), Ala.Code 1975, defines sexual conduct as:
“a. Sexual intercourse. This term shall have its ordinary meaning and occurs upon a penetration, however slight; emission is not required.
. “b. .Sexual contact. Any known touching for the purpose of sexual arousal, gratification, or abuse of the following:
“1. The sexual or other intimate parts of the victim by the actor.
“2. The sexual or other intimate parts of the actor by the victim.”
Finally, § 13A-6-151(1)(a), Ala.Code 1975, provides the definition of “coercion” applicable to Aonso’s charge as:
“Causing or threatening to cause physical injury or mental suffering to any person, physically restraining or confining any person, or threatening to physically restrain or confine any person or otherwise causing the person performing or providing labor or services to believe that the person or.another person will suffer physical injury or mental suffering.”
Thus, the statutory provisions applicable to' Aonso’s conduct and his charge prohibited him from “knowingly obtain[ing], recruit[ing], entic[ing], soliciting],. inducting], threatening], isolat[ing], harboring], holding], restraining], trans- *1102 portpng], providing], or maintain[ing] any minor for the purpose. of’ coercing that minor by “causing or threatening to cause physical, injury or mental suffering to any person, physically restraining or confining any person, or threatening -to physically restrain or confine any person” to perform “[a]ny sexual conduct •... for which anything of value is directly or indirectly given, promised to, or received by any person.” §§ 13A-6-152(a)(2), 13A-6-161(1)(a), and 13A-6-151(7)(a).
' Cóátrary to Alonso’s ‘ assertions on appeal, the statutory provisions under which he was charged and convicted are not unconstitutionally vague. Rather, the provisions provide “both fair notice to the public [as to what] conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription.” Vaughn, 880 So.2d at 1195 (additional citations omitted.) ’ Further, the human-trafficking statute 'clearly applies to Alonso’s conduct, i.e., harboring, restraining, and transporting K.R. and coercing her through threats and acts of violence to perform sex acts with individu als in exchange for money. Because Alon-so’s conduct was clearly proscribed under § 13A-6-152(a)(2), his argument that § 13A-6-152(a)(2) is unconstitutionally vague .-is without merit. See Senf, 622 So.2d at 437. Accordingly, this issue does not entitle Alonso any relief,
II.
Alonso next argues that the circuit court erred in denying his motion to suppress evidence seized from his cellular telephone following his arrest. Specifically, Alonso contends .that the circuit court erroneously admitted electronic data from a cellular telephone seized during a warrantless search of the telephone in violation of Riley v. California, — U.S. —, 134 S.Ct. 2473, 2482-83, 189 L.Ed.2d 430 (2014).
This argument was not preserved for this Court’s review. Alonso filed a motion to suppress evidence seized during the search of his person, his hotel room, and his car. However, he did not challenge the search of the telephone on the ground that a warrant was required. Further, the record indicates that there was a warrant for the search of the telephone. The warrant, however, was not admitted into evidence at trial, presumably because Alonso did not object to the admission of the telephone or its contents.
As noted earlier, “[r]eview on appeal is restricted to questions and issues properly and timely raised at trial [and] [a]n issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.” Ex parte Coulliette, 857 So.2d at 794-95 (citations and quotations omitted). Below, Alonso did not argue that law-enforcement officers violated his Fourth Amendment right when they searched the contents of the telephone. Therefore, this issue was not preserved for this Court’s review and . does not entitle Alonso to. any relief.
III.
Alonso next argues that the. State’s evidence was insufficient to support his conviction for human trafficking. Specifically, Alonso argues that the State failed to prove that a commercial-sex act occurred in Alabama. According to Alonso, the Stati failed to present any evidence indicating that he, “the victim, or any third party was promised or received anything of value in exchange for any sexual act involving the victim in Alabama.” (Alon-so’s brief, at 50.) Alonso then surmises that, because the State failed to prove that KR.’s sexual servitude occurred or continued in Alabama, his conviction must be reversed.
*1103 Regarding the sufficiency of the evidence, this Court has held:
“In deciding whether there is sufficient evidence to support .the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in. the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979), Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion' for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at .the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Willis v. State.”
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Crim.App.1993).
The indictment against Alonso alleged that he .
“did knowingly obtain,., recruit, entice, solicit, induce, threaten, isolate, harbor, hold, restrain, transport, provide or maintain a minor, to wit: [K.R.], for the purpose of causing such minor to engage in sexual servitude, to wit: giving her orders, ¡of ■ a sexual nature,.threatening her with Rodily harm, striking her, forcing her to perform sexual acts, and withholding money, in violation of Section 13A-6-152 - of the Code of Alabama against the peace and dignity of the State of Alabama.” - ..
(C. 36.)
As discussed in Part I of this opinion, the State was required to prove that Alon-so knowingly obtained, ■ recruited, enticed, solicited, induced, threatened, isolated, harbored, held, restrained, transported, provided, or maintained K.R. for the purpose of coercing her by “causing or threatening to cause physical injury or mental suffering to [her], physically restraining or confining, [her], or threatening to physically restrain, or confine [her]” to perform “[a]ny sexual conduct . , for which anything of value [was] directly or indirectly given, promised to, or received by any person.” §§ 13A-6-152(a)(2), 13A-6-151(1)(a), and 13A-6-151(7)(a), Ala.Code 1975. Under § 14-11-30(3), Ala.Code 1975, sexual conduct includes:
“a. -Sexual intercourse. .This term shall have its ordinary meaning, and occurs upon a penetration, however slight; emission is not required.
“b. .Sexual contact. Any-, known touching for the purpose of sexual arousal, gratification, or abuse of. the following: - ■
“1. The sexual or, other intimate parts of the victim by the actor.
. “2. The sexual or other intimate parts of the actor by the victim.”
The State presented evidence indicating that Alonso enticed K.R., who was a minor, into his vehicle in Mississippi and then drove her to Tennessee. In Tennessee, .Alonso used physical abuse and threats of physical abuse to force K.R. to perform sexual acts with other men in exchange for money. Later, Alonso transported K.R. from Tennessee to a hotel in *1104 Dothan where he took photographs of her and posted those photographs on Back-Page.com, a Web site he used to solicit men to engage in sex acts with K.R. for money. (R. 253-56.) The State’s evidence established that, while in Dothan,'Alonso used threats of physical harm to prevent her from escaping and to force her to have sexual intercourse with other men in exchange for money. The State’s evidence further established that Alonso kept all the money K.R. earned from her sexual activities in Alabama. .
Based on the foregoing, the State presented evidence from which the jury could have reasonably inferred that Alonso, while in Houston County, committed the crime of first-degree human trafficking. Consequently, Alonso’s argument is without merit and does not entitle him to any relief.
IV.
Alonso next argues that the State’s evidence was insufficient to support his conviction for furnishing a controlled substance to a minor. See § 13A-12-215, Ala.Code 1975. Specifically, Alonso contends that the State failed to present any evidence, aside from the victim’s own testimony, that he provided K.R. with the marijuana. He further argues that only KR.’s testimony indicated that the marijuana found in her system was given to her by Alonso. Alonso also argues that the State failed to present any evidence indicating that he provided K.R. marijuana while in Alabama. Thus, Alonso asserts, the State failed to prove an essential element of furnishing controlled substances to a minor under § 13A-12-215, Ala.Code 1975.
Under § 13A-12-215, Ala.Code 1975, a person is guilty of furnishing illegal drugs to a minor “if the offender is over the age of 18 and the offense consists of selling, furnishing or giving such controlled substances as enumerated in Schedules I, II, III, IV and V to a person who has not attained the age of 18 years....” Schedule I defines marijuana as a controlled substance. § 20-2-23(b)(3)(j), Ala.Code 1975. At trial, the State presented evidence indicating that while in Houston County, Alon-so was 27 years old and K.R. was 17 years old. K.R. testified that, while in Houston County, Alonso furnished her with marijuana. Further, drug testing performed on KR.’s blood after she was freed from Alonso indicated that marijuana and cocaine were present in K.R.’s system.
Based on the foregoing, the State presented sufficient evidence from which the jury could have inferred that Alonso, an adult, furnished drugs to K.R.; a minor. Accordingly, this issue is without merit and does not entitle Alonso any relief.
To the extent Alonso challenges the weight of the State’s evidence, his argument is likewise without merit. Regarding the weight of the evidence, this Court has held:
“Once a prima facie case has been submitted to the jury, this Court will not upset the jury’s' verdict except in extreme situations in which it is clear from the record that the evidence against the accused was so lacking as to make the verdict wrong and unjust. Deutcsh v. State, 610 So.2d 1212, 1234-35 (Ala.Cr.App.1992). This Court will not substitute itself for the jury in determining the weight and probative force of the evidence. Benton v. State, 536 So.2d 162, 165 (Ala.Cr.App.1988).”
May v. State, 710 So.2d 1362, 1372 (Ala.Crim.App.1997).
K.R. testified that, while she was a minor, Alonso furnished her marijuana and subsequent drug testing established that KR. had marijuana in her system. KR.’s testimony was sufficient to establish a pri-ma facie case of furnishing drugs to a minor. See Shelton v. State, 382 So.2d 1175, 1177 (Ala.Crim.App.1980) (“A fact *1105 may be established as firmly by the testimony of one witness as by the testimorfy of an entire community.” (citations omitted)); Yancey v. State. 65 So.3d 452, 473-74 (Ala.Crim.App.2009) (“‘“[A] jury may believe or disbelieve all or.any part of the testimony presented by either side, and even when all of the evidence against an accused comes from the victim[s], the jury may believe such uncorroborated testimony beyond a reasonable doubt and convict the accused.”’” (quoting Acklin v. State, 790 So.2d 975, 1009 (Ala.Crim.App.2000), quoting in turn Jeffers v. State, 455 So.2d 201, 203 (Ala.Crim.App.1984))).
Further, this case does not present one of the “extreme situations in which it is clear from the record that the evidence against the accused was so lacking as to make the verdict wrong and unjust.” May, 710 So.2d at 1372 (citing Deutcsh, 610 So.2d at 1234-35). Consequently, any argument that Alonso’s conviction was contrary to the great weight of the evidence is without merit.
V.
Finally, Alonso argues that he was denied effective assistance of trial counsel. Specifically, he alleges that trial counsel was ineffective because trial counsel: a) failed to investigate facts and witnesses; b) failed to preserve and to secure the testimony of Jessica Henderson and Tabitha Williams; c) failed to seek to bifürcate the human-trafficking charge and the drug-related charges; d) failed to call Petra Ürieta Turrevio, Alonso’s mother, as a witness to testify regarding the source of money Alonso possessed and to testify regarding K.R.’s.demeanor; e) failed to secure and to present testimony from J.R., the victim’s brother; f) failed to call Jasmine Gooden, Alonso’s sister-in-law, who would have testified regarding K.R.’s demeanor and physical attributes and Alon-so’s credibility; g) failed to* move to dismiss the indictment on the ground that Alabama’s human-trafficking statute is void for vagueness; and h) failed to “vigorously challenge the cell phone ‘dump.’” (Alonso’s brief, at 61.) This Court disagrees.
To prevail on his claims of ineffective assistance of counsel, Alonso must satisfy both prongs of the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test. First, he must identify the specific acts or omissions that he alleges were not'the result of reasonable professional judgment on counsel’s part and show that those acts or omissions fall “outside the wide range' of professionally competent assistance.” Id. at 690. Judicial scrutiny of counsel’s performance “must be highly deferential.” Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir.2000) (en banc). “[B]ecause counsel’s conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, [he] must establish that no competent counsel would have taken the action that his counsel did take.” Id. at 1315. If he meets this burden, Alonso must then show that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694. “A reasonable probability is a probability sufficient to undermine confidence in the outcome:” Id. Because both prongs of the Strickland test must be satisfied in order to show a violation of the Sixth Amendment, a court need not address the performance prong if the defendant cannot meet the prejudice prong, and vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000).
During the hearing on Alonso’s motion for a new trial,[4].Alonso admitted into evi *1106 dence affidavits from Turrevio and Goo-den. Alonso also admitted a transcript of a recorded conversation between his post-trial counsel and someone claiming to be KR.’s brother—a conversation that took place in a car in the parking lot of the Outback Steakhouse restaurant in Meridian, Mississippi. Alonso also admitted a transcript of the testimony presented at his bond hearing.
The State objected to. the affidavits, and the transcript of Alonso's counsel’s conversation on the ground that they constituted hearsay. The State also objected to the transcript of the conversation of Alonso’s counsel on the ground that counsel could not establish that the individual with whom she was speaking was K.R.’s brother. The State objected to the admission of the transcript of the bond-hearing testimony on the ground that the State did not have the incentive to cross-examine witnesses at a bond hearing in the same manner it would have had at trial.
The circuit court overruled the State’s objections and allowed Alonso to admit the affidavits and transcripts into evidence. The circuit court, also ruled that, although it allowed the evidence to be admitted, it would not give the out-of-court statements any weight. .
After admitting the affidavits and transcripts, Alonso informed the circuit court that he would not call his trial counsel to testify. , The State, on the other hand, called trial counsel as a witness. Trial counsel testified that he did not hire an investigator because he and Alonso were able find the witnesses they needed to support their defense. Trial counsel testified that Alonso contacted Jessica Henderson and that she informed him that she did not want to testify. Trial counsel stated that he did not admit her testimony from the bond hearing because it would have opened the" door to the admission of harmful testimony. Trial counsel stated that he did-not call Tabitha Williams to testify because she could not provide any helpful information and because her testimony could have been harmful. He also ■testified that he thought it would be better for the defense to question why the State had not presented Williams rather than to call Williams as a defense witness. Trial counsel said that Alonso made the decision not to present his mother’s testimony because he did not want to put his mother through the ordeal’ of testifying. Trial counsel stated that he had never heard of J.R., K.R,’s brother, and that J.R. had not contacted him or his office. According to trial counsel, there were approximately 10 witnesses prepared to testify regarding KR.’s demeanor and ..actions before and after her coming to Alabama; trial counsel and Alonso strategically chose which of those witnesses to present. ■
Trial counsel also-testified that he made the strategic ’decision not to attempt to bifurcate the drug-related charges and the human-trafficking charge because the drug-related charges were part of the human-trafficking charge and evidence of the drugs would have been admissible at the human-trafficking trial. Further, because the charges Alonso faced depended on K.R.’s credibility, trial counsel did not want the State to prosecute the drug-related charges first and then use a possible conviction to bolster K,R.’s credibility. Rather, trial counsel wanted all the charges to fall upon K.R..’s credibility.
Next, Alonso testified at the hearing. Alonso’s testimony, for. the most part, contradicted trial counsel’s testimony. After the hearing, the circuit court issued an order denying Alonso’S motion for a new trial.
A.
Alonso argues in his brief to this Court that trial counsel was ineffective for *1107 failing to investígate facts and witnesses. According to Alonso, trial counsel failed to hire a private investigator. Alonso asserts that a private investigator could have located Jessica Henderson and Tabitha Williams, who, Alonso argues, had vital information regarding whether K.R. engaged in any sex act for money while in Alabama.[5] Alonso also argues that an investigator could have located witnesses in Mississippi who knew K.R. and who could have located J.R., K.R.’s brother.
Alonso failed to meet his burden of proof to establish that counsel’s performance was deficient or that he was prejudiced by that performance. At the hearing, Alonso presented his own self-serving testimony, two affidavits, and two transcripts. The circuit court informed Alonso that the affidavits and transcripts would be given no weight and that- they were insufficient to prove his claims. Alonso has not challenged that ruling on appeal." Further, Alonso failed to present any evidence from Tabitha Williams. Based on the evidence that Alonso presented at the hearing, or the lack thereof, this Court cannot say that the circuit court abused its discretion in finding that Alonso failed to meet his burden to prove that counsel rendered ineffective assistance.
Further, trial counsel testified, for the State, that he did not hire a private investigator because he did not have trouble locating any witnesses except for Jessica Henderson. Trial counsel stated that Al-onso had located Henderson and had informed Alonso that she did not want to testify. Trial counsel stated that they had other witnesses to testify regarding KR.’s actions and demeanor before and after her arrival in Alabama. Thus, Henderson’s testimony would have been cumulative and was not necessary. See Washington v. State, 95 So.3d 26, 52 (Ala.Crim.App.2012) (recognizing that trial counsel will not be found ineffective for failing to present cumulative evidence). Further, trial counsel testified that he made the strategic decision not to seek Tabitha Williams, the woman whom K.R. encountered when she escaped, because she would not have provided beneficial testimony and because trial counsel wanted to argue that the State should have but did not produce her at trial. Alonso has “failed to show that counsel’s decision[s] ... w[ere] anything other than ,., strategic decisions],’’ Perkins v. State, 144 So.3d 457, 475 (Ala.Crim.App.2012); therefore, the circuit court did not abuse its discretion by denying relief.
' Finally, to the extent Alonso argues that counsel should have located K.R.’s brother, J.R., Alonso failed to present any credible evidence indicating that K.R. had a brother named J.R; who would have testified on Alonso’s behalf. In support of his claim that counsel should have presented testimony from J.R., Alonso admitted a transcript of an unsworn conversation his attorney had with a man claiming to be KR.’s brother. The conversation took place in the parking lot of an Outback Steakhouse restaurant in Mississippi. Al-onso presented no evidence—other the transcript of the unsworn statement—indicating that the individual with' whom counsel' spoke was, in fact, K.R.’s brother. Because Alonso failed to present any credible evidence in support of this claim, the circuit court did not abuse its discretion by denying relief. Bryant v. State, 181 So.3d *1108 1087, 1143 (Ala.Crim.App.2011) (recognizing that the appellant has the burden of establishing ineffectiveness).
For the foregoing reasons, the circuit court did not abuse its discretion by denying relief on this claim. Consequently, Alonso’s argument to the contrary is without merit.
B.
Alonso next argues that trial counsel was ineffective for failing to seek to bifurcate the human-trafficking charge and drug-related charges. This section of Alonso’s brief does not comply with Rule 28(a)(10), Ala. R.App. P.
Alonso’s entire argument reads:
“Trial counsel testified that the State had moved to consolidate the cases. He consented to the consolidation. (R4-63) He admits that when drugs are involved it can be very prejudicial. (R8-1062, 1063, 1080, 1081) Having consented to the consolidation was prejudicial to the case, trial counsel invited that prejudice into the case and encumbered Alonso’s defense of the human trafficking and drug charges.”
(Alonso’s brief, at 59.)
This Court has held:
“Rule 28(a)(10) requires that an argument contain ‘the contentions of the appellant/petitioner with respect to .the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.’ (Emphasis added.) Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments' listed. Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘Authority supporting only “general propositions of law” does not constitute a sufficient argument for reversal.’ Beachcroft Props., LLP v. City of Alabaster, 901 So.2d 703, 708 (Ala.2004) (quoting Geisenhoff v. Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App.1997)). The Alabama Supreme Court has explained:
“ ‘[I]t is not the function of this court to do a party’s legal research. See Henderson[ v. Alabama A & M University], 483 So.2d [392,] 392 [ (Ala. 1986) ]. Similarly, we cannot create legal arguments. for a party based on undelineated general propositions unsupported by authority or argument. Ala. R.App. P. 28(a)(5) [now Rule 28(a)(10), Ala. R.App. P.]; Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (1968) (analyzing the predecessor to Ala. R.App. P. 28); Ex parte Riley, 464 So.2d 92 (Ala.1985).’
“Spradlin v. Spradlin, 601 So.2d 76, 78-79 (Ala.1992). To obtain review of an argument on appeal, an appellant must provide citations to relevant cases or other legal authorities and an analysis of why those cases or other authorities support an argument that an error occurred and that the alleged error should result in reversal.”
White v. State, 179 So.3d 170, 227 (Ala.Crim.App.2013).
‘ In this portion of his brief, Alonso fails to provide any law to support his argument that trial counsel could have legitimately moved to sever the charges, much less that trial counsel was ineffective for failing to do so. Further, Alonso has not addressed trial counsel’s testimony that he made a strategic decision to consent to joinder of the offenses. Finally, Alonso has failed to offer any argument regarding why, based on the evidence presented at the hearing, the circuit court’s rejection of this claim was erroneous! Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and *1109 his argument is not properly before this Court.
C.
Alonso next argues that trial counsel was ineffective for failing to present testimony from his mother. This portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P.
In his brief, Alonso fails to cite any law in support of his claim that trial counsel was ineffective for faffing to present his mother’s testimony. White, 179 So.3d at 227. Further, Alonso has completely failed to address trial counsel’s testimony that Alonso directed trial counsel not to call his mother to testify because Alonso did not want to put his mother through the ordeal of testifying. See Adkins v. State, 930 So.2d 524, 540 (Ala.Crim.App.2001) (holding that, under the invited-error doctrine, the court cannot fault trial counsel for failing to call witnesses at the defendant’s instruction). Finally, Alonso has failed to offer any argument regarding why, based on the evidence presented at the hearing, the circuit court’s rejection of this claim was erroneous. Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and his argument is not properly before .this Court.
D.
Alonso next argues that trial counsel was ineffective for faffing to secure and to present testimony from J.R., K.R.’s brother. This portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P.
In his brief, Alonso fails to cite any law in support of his claim that trial counsel was ineffective for failing to secure and to present J.R.’s testimony. White, 179 So.3d at 227. He has failed to provide any argument regarding how trial counsel performed deficiently with respect to J.R. More importantly, Alonso has failed to offer any argument regarding why, based on the evidence presented at the hearing, the circuit court’s rejection of this claim was erroneous. Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and his argument is not properly before this Court.
E.
Alonso next argues that trial counsel was ineffective for failing to call Jasmine Gooden, Alonso’s sister-in-law, to testify regarding KR.’s demeanor and actions before coming to Alabama. This portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P. :
Again, Alonso fails to cite any law in support of his claim that trial counsel was ineffective for failing to present testimony from Gooden. White, 179 So.3d at 227. Additionally, he has failed to provide any argument regarding how trial' counsel performed deficiently with respect to Gooden. Alonso does not explain how Gooden’s alleged testimony might have altered the outcome of the trial. More importantly, Alonso has failed to offer any argument regarding why, based on the evidence presented at the hearing, the circuit court’s rejection of this claim was erroneous. Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and his argument is not properly before this Court.
F.
Alonso next argues that, trial counsel was ineffective for failing to argue that Alabama’s human-trafficking statute is void for vagueness. ■ This portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P.
Alonso’s entire argument in this portion of his brief is as follows:
“An argument should have been made on these grounds which could have re- *1110 suited in the dismissal of the trafficking charge. Trial counsel argued about the indictment but did not challenge it as void for vagueness or as overly broad. (R8-1067; R4-99-139,184).”
(Alonso’s brief, at 61.)
In ¿is brief, Alonso again fails to cite any law in support of his claim that trial counsel was ineffective for failing to argue that Alabama’s human-trafficking statute is void for vagueness. White, 179 So.3d at 227. His brief lacks any facts indicating that no reasonable attorney would have forgone arguing vagueness, of the statute as a ground for dismissal. Finally, Alonso has failed to offer any argument regarding why, based on the evidence presented at the hearing, the circuit court’s rejection of this claim was erroneous. Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and his argument is not properly before this Court.
G.
Alonso finally contends that trial counsel was ineffective for failing to move to suppress a cellular telephone. This portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P.
Alonso’s argument in this portion of his brief states in its entirety:
“While a motion to suppress this evidence was heard on the day of trial May 12, 2014 (R4-95-234) the only search warrant was for the hotel rooms and Alonso’s Tahoe [sport-utility vehicle]. The cell phone they recovered from Al-onso was incident to his arrest, There was no search warrant presented to cover that particular phone. The suppression of this evidence would have been very beneficial to the defense of the case and kept some very harmful evidence "from being considered by the- jury. (R8-1014,1015)” •
(Alonso’s brief, at 61.)
Alonso again fails to cite any law supporting his claim that trial counsel was inéffective for failing to move to' suppress the cellular telephone and information stored in the cellular telephone. White, 179 So.3d at 227. He has failed to prove any facts indicating that no reasonable attorney would have forgone' attempting to suppress the telephone. Alonso does not state whether theré was a search warrant for the' telephone. Rather, he merely alleges that “[t]here was no search warrant presented to cover that particular phone” (Alonso’s brief, at 61), an unremarkable fact in light of the lack of a motion to suppress. In any event, Alonso has failed to present this Court with any legal or factual argument that would indicate that trial counsel could have raised a legitimate ground for the suppression of the telephone. Consequently, this portion of Alonso’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and his argument is not properly before "this Court.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
WELCH, KELLUM, BURKE, and’ JOINER, JJ., concur.

. K.R. later learned that Lady’s actual name was Jessica. (R. 244.). .

. Asia did not travel with the group beyond Memphis.

. Alonso does not raise a facial challenge'to Alabama’s human-trafficking statute.

. Alonso was represented by new counsel during the hearing on his motion for a new trial.

. "In section V.A. of his brief, Alonso argues . that counsel was ineffective for failing to obtain and present testimony from Jessica Henderson and Tabitha Williams. In section V.B. of his brief, Alonso again argues that counsel was ineffective for failing to secure testimony from Jessica Henderson and Tabitha Williams. Because sections V.A. and V.B. involve the same subject matter, the Court will address those claims together in this part of the opinion.